

# THE ATTORNEY GENERAL

## OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

August 27, 1947

Hon. George H. Sheppard
Comptroller of Public Accounts
Capitol Station
Austin, Texas      Opinion No. V-362

> Re: Date from which redemption
> period is computed on tax
> sales made prior to the ef-
> fective date of House Bill
> No. 695, 50th Legislature,
> amending Article 7345b.

Dear Mr. Sheppard:

    With your letter of July 29, 1947, you enclose a letter from Honorable Robert L. Lyon, Tax Assessor-Collector of Hidalgo County. Mr. Lyon seeks the opinion of your office upon the question contained in his letter, as follows:

> "Reference is made to H. B. 695, Acts 1947, a new law which amended Sec. 9 and 12 of S. B. 477, Acts 1937 45th Legislature. . .
>
> "The question has arisen as to what basis the redemption period should be computed on tax sales which took place before the new law passed; that is, whether the period of redemption on such cases began from the date of the sale, or from the date of the filing for record of the purchaser's deed."

    The only significant change, in so far as applicable to your question, made in Section 12 of Article 7345b by the amendment to said section in House Bill 695, 50th Legislature, is the date from which the period of redemption should be reckoned. Said section prior to the amendment provided that the redemption period should begin from the date of sale; said section, as amended, provides that it begin from the date of the recording of the purchaser's deed.

We quote the pertinent provision of Section 12 as amended:

"In all suits heretofore or hereafter filed to collect delinquent taxes against property, judgment in said suit shall provide for the issuance of writ of possession within twenty (20) days after the period of redemption shall have expired to the purchaser at foreclosure sale or its or his assigns; but whenever land is sold under judgment in such suit for taxes, the owner of such property, or anyone having an interest therein, or their heirs, assigns or legal representatives, may, within two (2) years from the date of the filing for record of the purchaser's deed and not thereafter, have the right to redeem said property from such purchaser on the following basis, to wit:

". . ."

It will be observed that it does not purport to deal with judgments heretofore rendered, but merely to suits heretofore or hereafter filed. There were, of course, many suits filed before the passage of the amended act, but not reduced to judgment. This amended act applies to all such suits, but not to those where judgments had already been taken prior to its passage. That is, in all suits for delinquent taxes filed under Article 7345b and reduced to judgment prior to the effective date of the amendment to Section 12, which is June 23, 1947, you will be governed by the provisions of said Section 12 prior to the amendment. But as to suits filed prior to June 23, 1947, but not up to that time reduced to judgment, redemption should be had under Section 12 as amended by House Bill 695, 50th Legislature.

## SUMMARY

In tax suits not reduced to judgment prior to June 23, 1947, the effective date of the amendment to Section 12 of Article 7345b, V. C. S. the redemption period be-

Hon. George H. Sheppard - Page 3  V-362

gins from the date of the recording of
the purchaser's deed.  In tax suits re-
duced to judgment prior to June 23, 1947,
the effective date of the amendment, the
redemption period runs from the date of
the sale.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

L. P. Lollar
Assistant

LPL:mmc

APPROVED

ATTORNEY GENERAL